IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Javon Malik Myers, ) | Case No.: 5:22-cv-735-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Patricia Ray; Willie Sweat; Major Lumpkin; ) | |
| Ofc. Alston; and Nurse Steele, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] (DE 59.) Plaintiff Javon Malik Myers ("Plaintiff" or "Myers"), proceeding *pro se* and *in forma pauperis* brought this action pursuant to 42 U.S.C. § 1983, alleging Defendants Patricia Ray; Willie Sweat; Major Lumpkin; Ofc. Alston; (collectively "Defendants") and Nurse Steele ("Steele") violated his rights afforded under the Fourteenth and Eighth Amendments by limiting his recreation time to one to two (or sometimes no) hours per week and shackling his ankles in a manner that cut into his ankles. (DE 1.)

On August 25, 2022, Defendant Steele filed a Motion to Dismiss for Failure to State a Claim, alleging Myers failed to state a claim for relief against her in her capacity as a nurse providing medical care to inmates. (DE 42-1, pg. 1.) Defendants Patricia Wray, Willie Sweat, Major Lumpkin, and Ofc. Alston filed a Motion for Summary Judgment, alleging Myers failed to

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

state a claim for relief and Plaintiff's claims related to the grievance system are without merit.[2] (DE 43-1, p. 3.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motions. (DE 44.) Plaintiff filed a response in opposition on October 18, 2022. (DE 51.)

The Report was issued on January 20, 2023, recommending that Defendant Nurse Steele's Motion to Dismiss (DE 42) and Defendants' Motion for Summary Judgment (DE 43) be granted and the case be dismissed. The Report found that Plaintiff "has not set forth any set of facts or otherwise produced any evidence proving that Defendant Steele knew of Plaintiff's alleged medical issues, and if she did, whether she failed to provide treatment to Plaintiff, such that she was deliberately indifferent to his needs[.]" (DE 59.) In addition, the Report found that "Eleventh Amendment immunity applies to Plaintiff's claims against the [remaining] SRDC Defendants" who were sued only in their official capacities, respectively. (Id.)

Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 59) and incorporates it herein.

---

[2] Defendants Ray, Alston, Sweat, and Lumpkin argue that pursuant to § 1915(e) and § 1915A, this case should be dismissed, and further should count as a strike against Plaintiff pursuant to the Prison Litigation Reform Act. Defendants argue that Plaintiff's claims are frivolous in that they lack legal merit because Plaintiff knew they were false and because he does not have any evidence to support them. (DE 43-1, pp. 20-21.)

It is, therefore, **ORDERED** that Defendant Nurse Steele's Motion to Dismiss for Failure to State a Claim (DE 42) and Defendants' Motion for Summary Judgment (DE 43) are granted, and the claims against Defendants are dismissed. Further, the Court denies the request to consider this action a strike under the Prison Litigation Reform Act.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 14, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.